The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, Arkansas 71635-0904
Dear Senator Jeffress:
I am writing in response to your request, on behalf of the Crossett School District, for an opinion on the following three questions:
 1. Is it legal for a school district to contract with a private company to provide substitute teachers for the schools in the district?
 2. Is it legal for a school district to contract with a private company to provide teachers for the schools in the district? The teachers would be required to meet all state certification requirements.
 3. Is it legal for a school district to purchase janitorial services from a private company for the schools in the district?
RESPONSE
It is impossible to answer your questions fully without more information regarding the contracts at issue. You have not specified the exact contours of the proposed contractual relationship and whether it would involve the teachers being employed by the private contractor or employed by the school district after the payment of a fee by the school district to the private contractor. I will attempt to provide a *Page 2 
general answer to your questions, realizing of course that the particular facts surrounding the contracts would have to be considered to come to any definitive conclusions. It will be easier in my opinion to answer your second and third questions first, and then address your first question. In my opinion the answer to your second question is in all likelihood "no," a school district may not contract with a private company to provide teachers for the school district. In my opinion the Arkansas Code contemplates individual contracts with particular teachers, not a contract with a private company to provide teachers. In response to your third question regarding janitorial services, the answer in my opinion is generally "yes." The Arkansas Code charges school districts with the duty to "Employ . . . other employees necessary for the proper conduct of the public schools of the district and [to] make written contracts with . . . all other employees." A.C.A. § 6-13-620(a)(4)(A). A more recent law, however, authorizes the promulgation by the Department of Education of a "Public School Facilities Custodial, Maintenance, Repair, and Renovation Manual." Its provisions contemplate and apparently authorize contracted janitorial services. Finally, the answer to your first question concerning substitute teachers is not clear under applicable law. The Arkansas Code is silent as to the method a school district must utilize to obtain substitute teachers, although it does contain provisions relating to their qualifications. This issue could benefit from legislative or administrative clarification. Again, the answers to these questions may require detailed reference to any pertinent contracts.
Question 2 — Is it legal for a school district to contract with aprivate company to provide teachers for the schools in the district? Theteachers would be required to meet all state certificationrequirements.
In my opinion the answer to this question is "no." Section 6-13-620
(a)(4) of the Arkansas Code (Supp 2007), provides that:
 (a) Except as prohibited under subsections (b) [repealed] and (c) [repealed] of this section, the board of directors of each school district in the state shall be charged with the following powers and perform the following duties: *Page 3 
 * * * (4)(A) Employ teachers and other employees necessary for the proper conduct of the public schools of the district and make written contracts with teachers and all other employees in the form prescribed by the State Board of Education.
 * * * (C) The issuing of annual contracts to personnel other than substitute teachers employed on a daily basis and teachers shall be in writing and shall recite the duration of employment, specific duties, and annual salary.
In my opinion this statute requires school districts to "employ" teachers by written contract. It does not authorize or contemplate that a private company will provide teachers to a school district through a contract with the company. In addition, other statutory sections relating to the employment of teachers do not contemplate their provision through a private contractor. See, e.g., A.C.A. § 6-17-1501
to-1510 (Teacher Fair Dismissal Act). Again, you have not specified the exact contours of any proposed private contract. In my opinion, however, the answer to this question is in all likelihood "no."
Question 3 — Is it legal for a school district to purchase janitorialservices from a private company for the schools in the district?
In my opinion a contrary result obtains with regard to janitorial services. Again, A.C.A. § 6-13-620(a)(4)(A) charges school districts with the duty to "Employ teachers and other employees necessary for theproper conduct of the public schools of the district." It may be argued that, to the extent janitorial services are "necessary for the proper conduct of the public schools," this statute contemplates that the district will directly employ persons to perform those services. Again, the statute requires a written contract with the employee. A.C.A. §6-13-620(a)(4)(A) and (C).[1] I must note in this regard that a more recent and more specific statute, A.C.A. § 6-21-804, charges the Division of Public School Academic Facilities and Transportation at the Department of Education to, among other things, develop a *Page 4 
"Public School Facilities Custodial, Maintenance, Repair, and Renovation Manual" ("Manual"), that "contains uniform standards to direct custodial, maintenance, repair and renovation activities in Public School Facilities." A.C.A. § 6-21-804(a)(2) (Supp. 2007). The manual must contain standards as to "the levels of personnel necessary to perform custodial operations." A.C.A. § 6-21-808(b)(2)(C) (Supp. 2007). The manual states that "All school districts shall maintain adequate staff or contract services to perform the mandated custodial care plan." Manual at § V(C) (emphasis added). See also Manual, "Appendix C" (referring to the ability of school districts to contract for custodial services, stating "Firms are available that will contract all aspects of custodial operations (including training individuals and supplying all materials")). In my opinion, therefore, the answer to this question is "yes."
Question 1 — Is it legal for a school district to contract with aprivate company to provide substitute teachers for the schools in thedistrict?
Arkansas law does not provide as clear an answer to this question. Again, section 6-13-620 (a)(4)(C) of the Arkansas Code (Supp 2007), provides that:
 (C) The issuing of annual contracts to personnel other than substitute teachers employed on a daily basis and teachers shall be in writing and shall recite the duration of employment, specific duties, and annual salary.
This statute is silent as to the method of obtaining substitute teachers. It addresses instead contracts for personnel other than substitute teachers. I have not found any other statutory or regulatory provision addressing the hiring of substitute teachers. There are statutes that govern the qualifications of such teachers (see A.C.A.6-15-1004(e) (Supp. 2007) (regarding certain educational requirements); and 6-17-414(b) (Supp. 2007) (regarding criminal background checks)), but not their hiring or procurement. In my opinion, the statutory subsection set out above (A.C.A. § 6-13-620(a)(4)(C)) implies that substitute teachers "employed on a daily basis" need not have written contracts with the district. It does not address substitute teachers employed on some basis other than a "daily" basis. It might be argued that the negative implication of this provision is that substitute teachers employed on some basis other than a daily basis must be employed pursuant to a written contract with the substitute teacher. If so, a contract with a private company to provide substitute teachers may be prohibited. The statute is not entirely clear on *Page 5 
the point, however. School districts of course have power, under the same statute, to "do all other things necessary and lawful for the conduct of efficient free public schools." A.C.A. § 6-13-620(a)(12). In my opinion, it is unclear, in light of the language used, as to whether a school district could contract with a private company to provide substitute teachers for the school district. Substantial doubt exists as to the authority of a school district in this regard. Consultation with officials at the Arkansas Department of Education is advisable and legislative or administrative clarification may be warranted.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] More specific statutes on a given topic may also apply, however. For example, A.C.A. § 6-19-102(b) (Repl. 1999) provides that school districts may "hire or purchase such school buses or other vehicles and hire persons to operate them, or make such other arrangements as it maydeem best, affording safe and convenient transportation to the pupils. . . ."